UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NATHAN LAMONT PIERCE )
)
v. ) No. 3:12-0121
) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM

I. Introduction

Pending before the Court are a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Docket No. 1), and Memorandum In Support Of Motion (Docket No. 2), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response (Docket No. 25) to the Motion.

For the reasons set forth below, the Court concludes that Petitioner's Motion To Vacate (Docket No. 1) is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Indictment (Docket No. 1 in Case No. 3:09-00124)). Petitioner pled guilty to the charge pursuant to a Rule 11(c)(1)(C) Plea Agreement, in which the parties agreed to a sentence of 36 months of imprisonment. (Docket Nos. 30, 31 in Case No. 3:09-00124). At the subsequent sentencing hearing, the Court calculated the Petitioner's Sentencing Guideline Range to be 110-120 months, but sentenced the Petitioner to the 36-month term to which the parties had agreed. (Docket Nos. 38, 39, 40, 43 in Case No. 3:09-00124).

III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because his sentence is excessive, and he received the ineffective assistance of counsel at sentencing.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also presided over the underlying criminal

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed the files, records, transcripts and correspondence filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Excessive Sentence

Petitioner argues that his sentence, as imposed, is excessive because the Bureau of Prisons ("BOP") failed to accept the recommendation of the Court that Petitioner be given credit toward his federal sentence for the time served after his federal arrest on May 21, 2010. According to the Petitioner, the BOP computed his federal sentence to start sometime after the date recommended. The Petitioner argues that his sentence is excessive because he will be required to serve more time than intended.

At the sentencing hearing, the Court indicated that it would recommend credit for time served by the Petitioner after his arrest on the federal arrest warrant on May 21, 2010. (Docket

3

No. 43, at 10, in Case No. 3:09-00124). The Court also made clear, however, that the BOP was not obligated to accept the recommendation:

> My general view is that if you have been arrested for a federal crime, you should get credit for your incarceration from that time on absent extraordinary circumstances, so it fits in with my approach to this, but let the record clearly reflect that these two things are recommendations. The Court cannot impose them. And the ultimate decision about where to be incarcerated and credit for pre-trial detention is an issue for the Bureau of Prisons.

(Id.)[2]

The sentence imposed by the Court took into account the possibility that the BOP would not credit the Petitioner with the time spent in pretrial detention. Therefore, the failure of the BOP to grant credit for pretrial detention does not render the Petitioner's sentence excessive.

Petitioner argues that the Court should amend the judgment by granting him a downward departure for the amount of time spent in pretrial detention that the BOP has refused to credit, based on United States Sentencing Guideline Section 5G1.3(c) and Application Note 3(E). Even assuming the Court had jurisdiction to consider Petitioner's request for a downward departure through the pending Section 2255 Motion, the Court would reject the request. Section 5G1.3 and Application Note 3(E) apply when a defendant is serving an undischarged term of imprisonment in another court at the time of his federal sentencing. According to the Petitioner's own factual statement, his state sentence had already expired, on March 1, 2011, when he was sentenced for

---

[2] The appropriate vehicle for challenging the BOP's sentence calculation is not through the pending Section 2255 motion. Courts have held that a prisoner's challenge to the execution of his sentence, including the determination of credit for pretrial detention, must be filed under 28 U.S.C. § 2241 in the district court having jurisdiction over the prisoner's custodian. See, e.g., Sutton v. United States, 172 F.3d 873 (6th Cir. 1998); Doan v. Lamanna, 28 Fed.Appx. 297, 2001 WL 1299260 (6th Cir. Aug. 10, 2001); United States v. Ford, 16 Fed.Appx. 314, 2001 WL 861737 (6th Cir. June 20, 2001).

4

the underlying federal offense, on May 12, 2011. (Docket No. 2, at 3, in Case No. 3:09-00124; Docket No. 39 in Case No. 3:09-00124; Presentence Investigation Report, at ¶ 24). Thus, Petitioner's state sentence was not "undischarged" at the time he was sentenced, and the provisions he cites would not apply.

Although Application Note 4 provides for a downward departure for a discharged term of imprisonment, the Petitioner has failed to show that he meets the requirements of that section. For example, Petitioner must show that the discharged sentence was "relevant conduct" to the instant offense. U.S.S.G. § 5G1.3(b); App. Note 4. According to the Presentence Investigation Report, the Petitioner's state sentence was for a 2006 aggravated assault conviction, which was not related to his 2008 federal conviction for being a felon in possession of a firearm. (Presentence Investigation Report, at ¶ 24). Thus, Application Note 4 also would not apply as a basis for downward departure.

Petitioner's claim that his sentence was excessive is without merit.

D. Ineffective Assistance of Counsel

Petitioner argues that he received the ineffective assistance of trial counsel because counsel failed to appropriately seek credit for his pretrial incarceration. In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's

5

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985); Lafler v. Cooper, 2012 WL 932019 (March 21, 2012); Missouri v. Frye, 2012 WL 932020 (March 21, 2012). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner contends that trial counsel should have known that the BOP would not award him credit for his pretrial incarceration, and therefore, she should have requested a downward departure under Sentencing Guideline 5G1.3. As discussed above, however, had counsel presented such an argument, it would have been rejected. Therefore, the Court concludes that counsel was not ineffective for failing to make this argument. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

The Court notes that trial counsel negotiated a plea agreement for the Petitioner in which the Government agreed to a sentence of 36 months of imprisonment when the advisory guideline range calculated by the Court at sentencing was 110 to 120 months. Petitioner has not shown that he received the ineffective assistance of trial counsel.

6

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7